ALD-100                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3224
_____

JUDY THORPE,
                                          Appellant

v.

STATE OF NEW JERSEY; STATE OF NEW JERSEY JUVENILE
JUSTICE COMMISSION; OFFICE OF ATTORNEY GENERAL NEW JERSEY;
THOMAS FLANAGAN; ASHWATH S. TRASI, DAG; GAIL R. BERAN, DAG

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-16-cv-02058)
District Judge:  Honorable Michael A. Shipp

_____

Submitted on a Motion to Proceed In Forma Pauperis, a Motion to Reopen, for
Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed:  February 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Judy Thorpe, proceeding pro se, filed a notice of appeal from the final judgment of the United States District Court for the District of New Jersey in her employment discrimination action. The appeal was dismissed for failure to pay the filing fee. Thorpe has now filed a motion to proceed in forma pauperis ("IFP") and a motion to reopen the appeal. We hereby reopen the appeal and grant her motion to proceed IFP. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See LAR 27.4 and I.O.P. 10.6.[1]

We exercise plenary review of a district court decision, such as this one, which dismisses a complaint under the Rooker-Feldman[2] doctrine. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Thorpe's complaint explicitly

---

[1] We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291. Although Thorpe was informed that her appeal might be dismissed as untimely, we find that the appeal was timely filed. A District Court's judgment must be set out in a separate document. Fed. R. Civ. P. 58(a). "[A]n order is treated as a separate document if it satisfies three criteria: (1) it must be self-contained and separate from the opinion, (2) it must note the relief granted, and (3) it must omit (or at least substantially omit) the trial court's reasons for disposing of the claims." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Ordinarily, a notice of appeal in a civil case in which the United States is not a party must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). If, however, a separate document is required "and no separate document exists, an appellant has 180 days to file a notice of appeal—150 for the judgment to be considered 'entered,' plus the usual 30 days from the entry of the judgment." LeBoon, 503 F.3d at 223; see Fed. R. Civ. P. 58(c)(2). The District Court's order, dated June 7, 2016, contained a substantial discussion of the reasons for dismissing Thorpe's complaint. Thorpe's notice of appeal was filed by the District Court on July 25, 2016, well within the 180-day period.

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

asked for "judicial review" of two of her employment discrimination cases that were denied in the New Jersey state courts.[3]  We agree with the District Court that under the Rooker-Feldman doctrine it lacked jurisdiction over Thorpe's complaint to the extent she was a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[4] and inviting district court review and rejection of those judgments.'"  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Because "a district court is precluded from entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling," see Taliaferro, 458 F.3d at 192, the District Court correctly dismissed Thorpe's complaint for lack of jurisdiction to the extent that she sought review of the state court judgments.

Thorpe's complaint might be read to raise claims that are not barred by the Rooker-Feldman doctrine; however, we need not remand this matter to the District Court,

---

[3] We take judicial notice of the decision reported at Thorpe v. State, State Juvenile Justice Comm'n, No. A-0104-11T1, 2015 WL 3602413 (N.J. Super. Ct. App. Div. June 10, 2015), certification denied, 223 N.J. 356 (2015), cert. denied sub nom. Thorpe v. New Jersey, 136 S. Ct. 2034, reh'g denied, 136 S. Ct. 2549 (2016), describing her cases.

[4] While Thorpe's petition for a writ of certiorari was still pending in the United States Supreme Court when she filed her complaint in District Court, the *state* proceedings had ended.  See  Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 27 (1st Cir. 2005); see also Feldman, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in this Court.").

3

as any such claims would have been properly dismissed for other reasons.[5] The Supreme Court has cautioned that the <u>Rooker</u>-<u>Feldman</u> doctrine should be applied narrowly. <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. at 284. The doctrine does not apply unless the injury was actually "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 167 (3d Cir. 2010) (internal quotation marks omitted). Although Thorpe's complaint is not a model of clarity, we discern two possible allegations that might assert injuries from other than the state-court judgment.

First, she complains that she experienced discrimination and an illegal job action violating the Civil Service Reform Act, but those allegations are frivolous, as she has not asserted that she was a federal employee subject to the protection of that Act. <u>See</u> <u>Elgin v. Dep't of Treasury</u>, 132 S. Ct. 2126, 2130 (2012) ("The CSRA established a comprehensive system for reviewing personnel action taken against *federal employees*." (internal quotation marks omitted, emphasis added)). Second, she claims that defendants in the state law cases "lied" and "manipulated the rules of evidence and the rules of civil procedures." Thorpe's complaint does not assert that these allegations form the basis of any federal claim. We find no error in the District Court's failure to separately consider such vague and conclusory claims.[6]

---

[5] We may affirm a district court judgment for any reason supported by the record. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 191 (3d Cir. 2011).

[6] Under the circumstances of this case, the District Court was not required to allow amendment of the complaint before dismissal. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293

For the above reasons, we will summarily affirm the District Court's judgment.[7]

F.3d 103, 114 (3d Cir. 2002).

[7] Thorpe's motion for appointment of counsel is denied.